33 F.3d 62
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Anna M. LEONARD, also known as Anna M. Ragland, Plaintiff-Appellant,
v.
Ruth T. SIELER; Fire and Police Pension Association;
Richard Zickefosse; Carmen Hartin; Steve Hilfers; Arnie
Tesnow; James Engram; City of Colorado Springs Fire and
Police Pension Association, Defendants-Appellees.
 No. 94-1010.
 United States Court of Appeals, Tenth Circuit.
 Aug. 22, 1994.
 
 Before LOGAN and BARRETT, Circuit Judges, and RUSSELL,* District Judge.
 ORDER AND JUDGMENT**
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Anna M. Leonard[1] appeals the order dismissing her complaint brought pursuant to 42 U.S.C. Sec. 1983 on the ground that it was filed after the applicable statute of limitations had expired.
 
 
 3
 Plaintiff received surviving spouse's benefits from the Colorado Springs Fire and Police Pension Association (pension fund) after the 1974 death of her first husband, a firefighter covered by the pension fund, until her remarriage on December 3, 1977. Colo.Rev.Stat. Sec. 31-30-509 provides for a monthly annuity to a surviving spouse of a deceased firefighter "so long as such surviving spouse remains unmarried. No dissolution of a subsequent marriage shall have the effect of reinstating said spouse on the pension roll or authorizing the granting of a pension." When plaintiff remarried, defendants terminated her surviving spouse's benefits under this statute.
 
 
 4
 When plaintiff's second husband died on September 16, 1991, she requested reinstatement of her surviving spouse's benefits from the pension fund. Her request was denied on May 5, 1992, and she filed the instant action on August 31, 1993. The individual defendants are administrators of the pension fund.
 
 
 5
 The district court dismissed plaintiff's complaint, holding that the action was barred by the statute of limitations. The parties do not challenge the district court's determination that the applicable statute of limitations is two years, pursuant to Colo.Rev.Stat. Sec. 13-80-102. The district court found plaintiff's cause of action arose upon her remarriage in 1977, and concluded her complaint, filed on August 31, 1993, was time barred.
 
 
 6
 On appeal, plaintiff asserts that her action was filed within the statute of limitations based on the following reasoning: Defendants' failure to pay benefits was a continuing tort because the payments were due each month; the limitations period began to run when plaintiff was denied benefits on May 5, 1992; and Colorado public policy favors supporting a surviving spouse. We review de novo the district court's determination of state law, Salve Regina College v. Russell, 499 U.S. 225, 231 (1991), as well as its application of a statute of limitations, Industrial Constructors Corp. v. United States Bureau of Reclamation, 15 F.3d 963, 967 (10th Cir.1994). We review the evidence in the light most favorable to plaintiff to ascertain whether there exists a genuine issue of material fact concerning when plaintiff's cause of action accrued. Miller v. Armstrong World Indus., Inc., 949 F.2d 1088, 1090 (10th Cir.1991). Here, however, the material facts are not in dispute.
 
 
 7
 "To state a claim under [42 U.S.C.] Sec. 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Section 1983 is not a source of substantive rights, but provides a method to vindicate federal rights conferred elsewhere. Albright v. Oliver, 114 S.Ct. 807, 811 (1994). Therefore, we must identify the constitutional right allegedly infringed. Id.
 
 
 8
 Plaintiff's complaint purports to state a claim under Sec. 1983 by invoking the First Amendment and the constitutional right to equal protection. She states that her religious beliefs and those of her second husband prevented them from living together outside of marriage. She asserts that other similarly situated women continued to collect benefits from the pension fund by not marrying, but instead living with a man absent a marriage.
 
 
 9
 If plaintiff's complaint is sufficient to raise a constitutional claim, the claim arose at the time of her remarriage. Accordingly, the two-year statute of limitations expired before she filed her federal court action. See Russell v. Board of Trustees of Firemen, Policemen & Fire Alarm Operators' Pension Fund, 968 F.2d 489, 493 (5th Cir.1992), cert. denied, 113 S.Ct. 1266 (1993). We reject plaintiff's argument that defendants' failure to pay each monthly installment after her remarriage constituted a continuing tort. See id. at 493-94. Therefore, the district court properly dismissed plaintiff's complaint.
 
 
 10
 Plaintiff's argument that "dissolution" is a term of art referring to divorce is not a constitutional argument but one of statutory construction. Because the statute of limitations has clearly run on the only possible constitutional issue plaintiff raised, there is no supplemental jurisdiction that would empower us to decide the state law interpretive issue that she raises.
 
 
 11
 Plaintiff's motion to certify questions to the Colorado Supreme Court is DENIED. The judgment is AFFIRMED.
 
 
 
 *
 Honorable David L. Russell, District Judge, United States District Court for the Western District of Oklahoma, sitting by designation
 
 
 **
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [1]
 Plaintiff filed her complaint as a class action, but the district court did not certify the case as a class action. See Fed.R.Civ.P. 23(c)(1) (district court shall determine by order whether class action is to be maintained). Therefore, this order and judgment applies only to the parties named in the caption above